# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN MARVIK,

    *Plaintiff*,

vs.

WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE, *et al.*

    *Defendants*.

3:11-cv-00432-LRH-VPC

ORDER

    This *pro se* prisoner civil rights case by an inmate in a county detention center comes before the Court on plaintiff's application (#1) to proceed *in forma pauperis* and for initial review.

    The papers submitted are subject to multiple defects.

    First, plaintiff failed to attach the required attachments for a pauper application by a person in custody. Both a financial certificate properly executed by an appropriate institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached neither an executed financial certificate nor a statement of his inmate trust fund account for the past six months.

    Second, the plaintiff did not initiate the action on a proper complaint form as required by Local Rule LSR 2-1. Plaintiff instead filed a paper styled as a motion to compel a deputy district attorney to answer for criminal acts. Plaintiff may not initiate a civil action with a motion rather than a complaint. A *pro se* civil rights complaint must be filed on the Court's required complaint form. Moreover, there is no circumstance under which plaintiff may initiate a proceeding to enforce federal criminal statutes.

1  Only the United States Attorney may initiate proceedings to enforce federal criminal statutes in this
2  context.[1]

3      IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is
4  DENIED and that this action shall be DISMISSED without prejudice to the filing of a new pleading on
5  the proper form in a new action together with either a pauper application on the required form with all
6  required attachments or the required filing fee.

7      The Clerk of Court shall enter final judgment accordingly, dismissing this action without
8  prejudice.  The Clerk shall send plaintiff a copy of the papers that he filed herein along with a copy of
9  a pauper application for an incarcerated person, a Section 1983 complaint form, and the instructions for
10 each form.

11     DATED this 21st day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no determination as to whether all of plaintiff's claims properly are cognizable, if at all, under § 1983 as opposed to in habeas.  The Court determines only that plaintiff has failed to properly commence the present action.  To the extent that plaintiff seeks to challenge the legality of his state prosecution, federal district courts generally do not intervene in pending state criminal proceedings either under § 1983 or via federal habeas corpus.  To the extent that such relief might be available, however, such relief must be pursued via a properly commenced action.  The Court leaves a determination as to whether specific claims properly may be pursued under § 1983 as opposed to habeas to an action that has been commenced properly initially on a required pleading form.